Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| REGINO MEGILL SEGARRA<br><br>Recurrente<br><br>Vs.<br><br>JUNTA DEL SISTEMA DE RETIRO DE LA UNIVERSIDAD DE PUERTO RICO<br><br>Recurrida | KLRA202500044 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Retiro del Sistema de Retiro de la Universidad de Puerto Rico<br><br>Solicitud Núm. 1255167<br>Radicada en: 20-julio-2023<br>XXX-XX-8456<br><br>Sobre:<br><br>REVISIÓN DE LA PENSIÓN ADJUDICADA |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece la parte recurrente, señor Megill Segarra, y solicita la revisión de la resolución emitida por la parte recurrida, la Junta de Retiro del Sistema de Retiro de la Universidad de Puerto Rico. La resolución recurrida denegó la apelación administrativa promovida por la parte recurrente en cuanto a la pensión de retiro adjudicada a su favor.

Por los fundamentos expuestos, *confirmamos* la resolución recurrida.

**-I-**

El 20 de julio de 2023 la parte recurrente notificó a su anterior patrono, Universidad de Puerto Rico, su intención de acogerse a los beneficios del retiro y desocupar su puesto de carrera. En igual fecha presentó una *Solicitud de Pensión por Edad y/o Años de Servicio* ante el Sistema de Retiro de la Universidad de

Puerto Rico ("Sistema de Retiro"). La renuncia del recurrente a su puesto de trabajo tenía fecha de efectividad al 31 de diciembre de 2023. El 31 de octubre de 2023 el Sistema de Retiro envió un correo electrónico a la parte recurrente, el mensaje lee:

> Conforme a nuestra conversación telefónica en la mañana de hoy, le recomiendo que verifique directamente con el Sistema de Retiros de Maestros, el estatus de sus aportaciones, ya que nosotros no tenemos registrada ninguna transferencia de aportaciones a su nombre.
>
> De acuerdo a los documentos que nos envió (COMPROBANTE DE REINTREGRO Y CUOTAS APORTADAS AL SISTEMA DE ANUALIDADES Y PENSIONES PARA MAESTROS DE PUERTO RICO) entendemos que el proceso de Transferencia de Aportaciones nunca fue realizado.
>
> Para acreditarle el tiempo cotizado con ellos debemos recibir dicha transferencia antes de la fecha de separación con fecha de renuncia al 31 de diciembre de 2023. De recibirse luego de esta fecha, no podemos acreditarle el tiempo.

El 11 de marzo de 2024 la parte recurrente recibió la siguiente determinación del Sistema de Retiro:

> A partir del 1 de enero de 2024, le corresponde una anualidad de $19,451.16 pagadera en beneficios mensuales de $1,620.93. Esta cantidad será dividida en pagos quincenales y remitida a usted según nuestro calendario de pagos, comenzando con el próximo 15 y 27 de marzo de 2024. Las fechas de sus primeros pagos de pensión serán los días 15 y 21 de marzo de 2024. En lo sucesivo se indicarán las fechas de pago en el talonario del depósito electrónico. Le adjunto tarjeta de identificación con nuestra información de contacto al dorso.
>
> La pensión informada podrá estar sujeta a cambios si en el futuro se determina que era incorrecto alguno de los factores básicos utilizados. Los factores relacionados a salarios y años de servicio e inclusive la fecha de efectividad de la pensión pueden afectarse por transacciones efectuadas por el participante y/o por los recintos desconocidas por este Sistema de Retiro al momento de tramitar la pensión.

El 14 de marzo de 2024 la parte recurrida recibió la apelación administrativa de la parte recurrente. La parte recurrente cuestionó el número de años acreditados por el Sistema de Retiro para calcular su pensión. Según la parte recurrente el Sistema de Retiro debió acreditarle unos 17 años de trabajo que rindió como maestro del Departamento de Educación de Puerto Rico. El 17 de diciembre de 2024 la parte recurrida notificó al

recurrente la resolución objeto de este recurso. En el dictamen la parte recurrida denegó la petición de la parte recurrente y dejó consignado que:

> [D]e ninguno de dichos documentos oficiales se desprende que el Apelante haya hecho aportaciones al Sistema de Retiro-UPR antes del 21 de agosto de 1995 o que el SAMP-PR haya completado o perfeccionado la solicitada transferencia al Sistema de Retiro-UPR de las aportaciones efectuadas por el Sr. Megill mientras trabajaba para el Departamento de Educación. De hecho, del expediente del caso y de los expedientes del Sistema de Retiro-UPR surge documento alguno que establezca que el Apelante haya transferido aportación alguna del SAPM-PR o de cualquier otra dependencia del Gobierno de Puerto Rico al Sistema de Retiro-UPR. Sin embargo, el Estado de Cuenta del Sistema de Retiro-UPR que obra en el expediente, fechado 25 de enero de 2024, sí establece inequívocamente que el Apelante cotizó, hizo aportaciones al Sistema de Retiro-UPR y se le acreditó la totalidad del tiempo cotizado: 28.50 años de servicios.

El 17 de enero de 2025 la parte recurrente presentó la presente revisión judicial, en la cual apuntó los siguientes errores:

> Erró la Junta de Retiro de la Universidad de Puerto Rico al no adjudicar los 17 años de servicio al Departamento de Educación reconocidos y certificados en la certificación emitida por [la] Directora Auxiliar del Área de Servicios de Retiro.

> Erró la Junta del Sistema de Retiro de la Universidad de Puerto Rico, al indicar que de ninguno de los documentos oficiales presentados se desprende que el Apelante haya hecho aportaciones del Sistema de Retiro-UPR antes del 21 de agosto de 1995 o que el SAPM-PR haya completado o perfeccionado la solicitud [de] transferencia al Sistema de Retiro-UPR de las aportaciones efectuadas por el Sr. Megill mientras trabajaba en el Departamento de Educación.

La parte recurrida también compareció mediante alegato escrito y aboga a favor de la presunción de corrección que cobija a la resolución recurrida. Procedemos a resolver con el beneficio de la comparecencia de las partes, el contenido del expediente administrativo y el derecho aplicable.

-**II**-

La revisión judicial de decisiones administrativas tiene como fin "asegurar que los organismos administrativos actúen conforme a las facultades concedidas por ley". *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022); *Torres Rivera v. Policía de PR*, 196 DPR 606, 625-626

(2016). La doctrina exige examinar si las actuaciones de las agencias administrativas están conforme a los poderes delegados. *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR, supra*, págs. 625-626; *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 941-942 (2010).

No obstante, los tribunales apelativos debemos conceder gran deferencia a los dictámenes de los entes administrativos, debido a la experiencia, y conocimiento especializado que poseen sobre los asuntos que tienen encomendados. *Rolón Martínez v. Supte. Policía, supra,* pág. 35; *Torres Rivera v. Policía de PR, supra,* pág. 626. La deferencia reconocida a las decisiones administrativas cede en situaciones en las que: (1) no estén basadas en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o los reglamentos que administra; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizó determinaciones carentes de base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR, supra,* págs. 627-628; *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 822 (2012); *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 744-745 (2012); *Asoc. Fcias. v. Caribe Specialty et al. II, supra,* págs. 941-942. La Sec. 4.5 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9675, añade:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

Las determinaciones de hechos deben sostenerse siempre que estén basadas en evidencia sustancial que surja del expediente

administrativo. *Rolón Martínez v. Supte. Policía, supra*, pág. 36. Evidencia sustancial significa prueba que "una mente razonable podría aceptar como adecuada para sostener una conclusión". *Capó Cruz v. Jta. de Planificación et al.*, 204 DPR 581, 591 (2020); *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004). Los tribunales debemos "darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Rolón Martínez v. Supte. Policía, supra*, págs. 36-37. Sin embargo, pueden sustituirse ausente un fundamento racional para el dictamen administrativo. *Rolón Martínez v. Supte. Policía, supra*, pág. 36; *Asoc. Fcias. v. Caribe Specialty et al. II, supra*, pág. 941.

### -III-

Al realizar nuestra función revisora, debemos considerar la especialización y experiencia de la agencia sobre las cuestiones adjudicadas. Según expuesto en *Adorno Quiles v. Hernández,* 126 DPR 191, 195 (1990), "al evaluar los casos es necesario distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa". No obstante, un examen sosegado de la resolución recurrida, y del expediente administrativo, denota que, el asunto en controversia no requirió discernimiento estatutario o cuestiones de especialización administrativa. El asunto ante nuestra consideración es uno de suficiencia de la prueba.

Ambas partes fundamentan su alegato en la interpretación de ciertos documentos provistos por la parte recurrente al Sistema de Retiro de la UPR en ocasión de solicitar el recurrente su pensión. De la abundante prueba documental incluida en el expediente administrativo destacamos primero el documento titulado *Cuotas Aportadas al Sistema de Anualidades y Pensiones para Maestros de Puerto Rico* provisto por la parte recurrente. La

tabla fue preparada en el año 2002 por la *Oficina de Finanzas* del Sistema de Anualidades y Pensiones para Maestros de Puerto Rico. Muestra los periodos de trabajo y las correspondientes aportaciones de la parte recurrente al sistema de retiro de los maestros de Puerto Rico. La parte recurrente acumuló beneficios de pensión desde el 9 de agosto de 1977 hasta el 28 de julio de 1995. La *Directora Auxiliar Área de Servicios* del Retiro del Sistema de Anualidades y Pensiones para Maestros de Puerto Rico certificó que, la parte recurrente acumuló 18 años y 17 días de servicio como maestro en el Departamento de Educación de Puerto Rico. El documento titulado *Comprobante de Reintegro* preparado por la Junta de Retiro para Maestros muestra las aportaciones monetarias por la parte recurrente durante el periodo de 18 años con 17 días: (1) aportación individual ($13,093.21); (2) intereses (2,142.42); y (3) aportación patronal (6,507.26).

La parte recurrente sostiene su petitorio sobre estos documentos pues asegura que demuestra el error cometido por la parte recurrida al omitir del cálculo de su actual pensión todas las aportaciones que hizo al sistema de retiro de los maestros desde el 1977 hasta el 1995. El 31 de octubre de 2023 el recurrente fue orientado por la *Sección de Beneficios del Sistema de Retiro de la UPR*. El correo electrónico que recogió el evento de la llamada muestra como la parte recurrida recomendó al recurrente verificar directamente "con el Sistema de Retiro para Maestros, el estatus de sus aportaciones, ya que nosotros no tenemos registrada ninguna transferencia de aportaciones a su nombre". Según el correo electrónico: "[d]e acuerdo a los documentos que nos envió (Comprobante de Reintegro y Cuotas Aportadas al Sistema de Anualidades y Pensiones para Maestros de Puerto Rico) entendemos que el proceso de Transferencia de Aportaciones nunca fue realizado". Inclusive, luego de conversar con la parte

recurrente la funcionaria solicitó ayuda del *Departamento de Finanzas* del Sistema de Retiro de la UPR. En respuesta, el 4 de diciembre de 2023 la funcionaria recibió un correo electrónico del *Supervisor de Contabilidad* de la Oficina de Finanzas:

> No encontré transacción alguna de este participante el momento de la petición. No obstante y según discutimos posteriormente, usted se comunicaría con el Sr. Megill para que contacte con el Sistema de Retiro de Maestros para saber el status de su petición de transferencia. Me deja saber la respuesta correspondiente.

Del expediente administrativo no surge que, la parte recurrente acudiera al Sistema de Retiro de Maestros a verificar qué ocurrió con la transferencia de sus aportaciones. El recurrente asevera que, los documentos provistos al Sistema de Retiro de la UPR son suficientes para demostrar que la transferencia de beneficios acumulados ocurrió. Empero, la parte recurrida fundamenta la falta de transferencia de los beneficios sobre los mismos documentos.

Lo cierto es que, el Sistema de Retiro de la UPR también fundamenta su aseveración en datos recopilados en su sistema electrónico, el cual debería reflejar la transferencia del sistema de retiro de maestros. Varias capturas de pantallas del récord electrónico de la parte recurrente, incluidas en el expediente administrativo, muestran solo datos sobre los años de servicio acumulados por el recurrente en la Universidad de Puerto Rico. El récord electrónico no muestra dato relacionado al tiempo en que la parte recurrente laboró en el Departamento de Educación.

El estándar o cantidad de prueba históricamente requerido en los procesos administrativos es el de preponderancia de la evidencia. J.A. Echevarría Vargas, *Derecho administrativo puertorriqueño*, 4ta ed. rev., San Juan, Eds. SITUM, 2017, pág. 219. Véase, además, *Steadman v. SEC*, 450 US 91 (1981).[1] El estándar

---

[1] Los tratadistas estadounidenses Hickman y Pierce, citando al Tribunal Supremo de Estados Unidos en *Steadman v. SEC*, 450 U.S. 91 (1981), y en

de prueba de preponderancia refiere a "aquella prueba satisfactoria basada en las circunstancias del caso que produce conciencia de certeza y convicción moral en el ánimo del juzgador; es la prueba requerida para establecer como hechos probados aquellos que con mayores probabilidades ocurrieron". R.E. Ortega Vélez, *Doctrinas jurídicas: derecho puertorriqueño*, 2da ed., San Juan, Ed. SITUM, 2021, pág. 205. También refiere al "[m]ayor peso de la prueba, no en cuanto a cantidad (número de testigos o de documentos presentados), sino en cuanto a calidad (credibilidad y mayor peso de importantes hechos probados)". I. Rivera García, *Diccionario de términos jurídicos*, 3ra ed. rev., San Juan, LexisNexis, 2000, pág. 207. De manera que, quien cuestione las actuaciones de una agencia tiene el deber de producir suficiente evidencia para derrotar la presunción de legalidad y corrección sobre la decisión administrativa. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019).

Correspondía a la parte recurrente demostrar que, existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia utilizada por la parte recurrida para fundamentar la resolución apelada. Esto para impedirnos concluir que, la determinación del foro administrativo fue razonable a la luz de la totalidad de la prueba contenida en el expediente. *Graciani Rodríguez v. Garage Isla Verde, supra*, págs. 128–129; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216–217 (2012). Consideramos que, la evidencia señalada por la parte recurrente es insuficiente para derrotar la presunción de corrección en la resolución recurrida. Particularmente cuando el contenido del

---

*Vance v. Terrazas*, 444 U.S. 252 (1980), expresaron que, el estándar probatorio de preponderancia aplica a la gran mayoría de las acciones de las agencias administrativas. K.E. Hickman y R.J. Pierce, Jr., Administrative Law Treatise, 6ta ed., Nueva York, Ed. Wolters Kluwer, 2019, Vol. II, pág. 1079 ("Taken together, the Court's holdings in Terrazas and Steadman suggest that the preponderance of the evidence standard of proof applies to the vast majority of agency actions").

sistema de datos de la parte recurrida nos mueve a concluir que, la probabilidad de que, el Sistema de Retiro de Maestros nunca completó la transferencia de las anualidades solicitada por la parte recurrente es mucho más probable que, alguna otra causa como pudo ser un error oficinesco o alguna falla en el sistema de récords de la parte recurrida. *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).

El contenido del expediente administrativo nos compele a concluir que: (1) el remedio concedido es razonable; (2) las determinaciones de hechos en la resolución recurrida están apoyadas en evidencia sustancial que obra en el expediente, y (3) las conclusiones de derecho son correctas. *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839–840 (2021); *Torres Rivera v. Policía de PR,* supra, págs. 626–627.

En virtud del análisis antes expuesto, denegamos intervenir en la decisión administrativa recurrida porque no quedó demostrado que la parte recurrida actuó arbitraria, ilegal o irrazonablemente. *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009).

### *-IV-*

Por los fundamentos antes expuestos, *confirmamos* la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones